**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 16-6225**

_____

DARREL A. WHITE,

              Plaintiff - Appellant,

         v.

DWAYNE A. TURNER, Unit Manager; JEFFREY ARTRIP, EBP Manager;
LIEUTENANT DAY; LARRY JARVIS; KELLY STEWART; E. MILLER; C.
STANLY; GILERHEART,

              Defendants - Appellees

         and

R.C. MATHENA, Warden; J.B. MESSER, Institutional
Ombudsman/Grievance Coordinator; CURTIS PARR, Regional
Ombudsman; GEORGE HINKLE, Regional Administrator/Alp; HAROLD
W. CLARKE, Director; J. WALRATH, Assistant Warden,

              Defendants.

_____

Appeal from the United States District Court for the Western
District of Virginia, at Roanoke.  Michael F. Urbanski, District
Judge.  (7:14-cv-00505-MFU-RSB)

_____

Submitted:  September 1, 2016          Decided:  December 15, 2016

_____

Before DUNCAN, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

Darrel A. White, Appellant Pro Se. Richard Carson Vorhis, Senior Assistant Attorney General, Richmond, Virginia, for Appellees.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darrel A. White, a Virginia inmate, filed a 42 U.S.C. § 1983 (2012) action against various employees of Red Onion State Prison (ROSP) and the Virginia Department of Corrections, alleging violations of his Eighth and Fourteenth Amendment rights. After directing White to file an amended complaint, the district court granted the Defendants' motion for summary judgment and denied White's cross-motion for summary judgment. White now appeals the district court's orders terminating certain Defendants named in the original complaint and granting summary judgment in favor of the remaining Defendants. For the reasons that follow, we affirm.

As an initial matter, White challenges the district court's construction of his amended complaint as substituting certain Defendants named in the original complaint with other Defendants named only in the amended complaint.* As a general rule, "an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The district court advised White that his amended complaint would supersede all prior

_____

* Although White did not designate the relevant May 28, 2015, order in his notice of appeal, we conclude that we have jurisdiction to review that order. See Jackson v. Lightsey, 775 F.3d 170, 175-77 (4th Cir. 2014).

3

pleadings and therefore should include all parties and claims that he wished to address. Based on the caption of the amended complaint and the specific factual allegations it raised, we discern no error in the district court's construction of that complaint as seeking relief only against Defendants Turner, Artrip, Day, Jarvis, Stewart, Miller, Stanley, and Gilerheart, and in dismissing the remaining Defendants on that basis.

Turning to the district court's summary judgment ruling, we review de novo a district court's grant of summary judgment, viewing all facts and drawing all reasonable inferences in the light most favorable to the nonmovant. Harris v. Norfolk S. Ry., 784 F.3d 954, 962 (4th Cir. 2015). "Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Butler v. Drive Auto. Indus. of Am., Inc., 793 F.3d 404, 408 (4th Cir. 2015) (internal quotation marks omitted).

Among other claims asserted in his amended complaint, White raised several due process claims related to his security classification at ROSP. The district court granted summary judgment on these claims based in part on our decision in Slezak v. Evatt, 21 F.3d 590 (4th Cir. 1994). Assuming, without deciding, that the mode of analysis applied in Slezak has been called into question by subsequent authority, see, e.g.,

4

Wilkinson v. Austin, 545 U.S. 209, 222-23 (2005), we still find no reversible error in the district court's ruling, see Glynn v. EDO Corp., 710 F.3d 209, 218 n.1 (4th Cir. 2013) ("[W]e can affirm the district court's decision on any grounds apparent from the record."). Our review of the record reveals that White failed to provide evidence to support a finding that the conditions of his confinement posed an atypical and significant hardship in relation to the ordinary incidents of prison life, as required to establish a liberty interest giving rise to a due process claim. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Incumaa v. Stirling, 791 F.3d 517, 526-32 (4th Cir. 2015); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997). We therefore conclude that the court properly granted summary judgment in favor of Defendants as to White's due process claims.

Our review of the record also reveals no reversible error in the district court's grant of summary judgment for Defendants as to the remaining claims raised in White's amended complaint. We affirm the disposition of these claims substantially for the reasons stated by the district court. White v. Turner, No. 7:14-cv-00505-MFU-RSB (E.D. Va. Dec. 8, 2015).

Accordingly, we affirm the district court's judgment. We deny White's motions for appointment of counsel and for transcripts at government expense. We dispense with oral

5

argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED